Decided March 1, 1988

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

PEDRO P. TENORIO,                    )    CIVIL ACTION NO. 85-488
                                     )
        Plaintiff,                   ).
                                     )
        vs.                          )
                                     )
CARLOS S. CAMACHO, et al.,           )
                                     )
        Defendants.                  )
_____)
                                     )
FRANK S. SANTOS,                     )    CIVIL ACTION NO. 85-507
                                     )
        Defendant,                   )    .
                                     )
        vs.                          )    SUMMARY JUDGMENT
                                     )
CARLOS S. CAMACHO, et al.,           )
                                     )
        Defendants.                  )
_____)

On October 7, 1985 a debate was held between two
Commonwealth gubernatorial candidates, Governor Pedro P.
Tenorio (Tenorio) and former Governor Carlos S. Camacho
(Camacho).  During this debate Camacho stated that $4,000 a
month was being transferred from the account of a local oil
company employee to an account owned by Tenorio in Loma Linda,
California, and inferred that this constituted an illegal
bribe.  Tenorio subsequently filed suit against Camacho for
defamation.  Tenorio also alleged that the Bank of Saipan (the

Bank) and Sid Blair (Blair), an employee of the Bank, were negligent in releasing information about these bank accounts to Camacho and had invaded Tenorio's privacy in doing so.

Camacho then cross claimed against the Bank and Blair contending that Blair, in supplying Camacho with the information that payments of $4,000 a month were being made from an account at the Bank to an account held by Tenorio in Loma Linda, California, provided Camacho with false information which he relied upon to his detriment.

The Bank now moves for summary judgment on this cross claim asserting that the information contained in the pleadings, depositions, and affidavits on file is contrary to the allegations contained in the cross claim.

## ANALYSIS

Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986).

In this case, Camacho contends that Blair gave him false information that he relied upon to his detriment, to wit: that $4,000 a month was being wired to Tenorio's account in Loma Linda, California. However, all of the depositions in this case, including that of Camacho, indicate that Blair gave Camacho only an account number and information that $4,000 a month was being transferred to that account number. No potential proof has come to light from the pleadings,

**366**

depositions, and affidavits filed herein showing that Blair ever told Camacho that the Loma Linda account belonged to Tenorio.

After Camacho received the information from Blair regarding the account number, he sought out bank officials in California in order to determine the owner of the Loma Linda account. Camacho was subsequently advised by one Robert Goldsmith that the account belonged to Tenorio. The source of this report was provided by a banker friend of Goldsmith and Goldsmith passed it on to Camacho. This information later proved to be false. Camacho now asserts that "but for" the Bank's providing him with the account number, Camacho would never have claimed Tenorio to be the owner of the account and inferred that Tenorio had engaged in any illegal activity.

In claiming that the Bank provided him with false information to his detriment, Camacho misses two key points about Blair's communication. First, the information appears to be substantially true, in that $4,000 had been transferred from the Bank to an account in Loma Linda, California. Indeed, if Camacho had used only the information communicated to him by Blair in the debate, this entire action may have never transpired. Camacho only became embroiled in this controversy after he wrongfully attributed the Loma Linda account number to Tenorio.

Secondly, but for Goldsmith's erroneous information to Camacho concerning the identity of the Loma Linda account, this account number would not have been attributed to Tenorio. The

Bank could not have foreseen that other bank officials would misidentify the owner of the Loma Linda account number.

Camacho's cross claim against the Bank sounds in tort. Thus the asserted negligence of the Bank in providing the "false" information results in damages recoverable by Camacho only if the Bank's conduct is the legal cause of the harm to Camacho. Restatement (Second) of Torts, §§ 281 and 430.* The Bank's negligent conduct (if it exists) is a legal cause of harm to Camacho if the Bank's conduct is a substantial factor in bringing about the harm. § 431(a).

Thus, even assuming for the moment that the Bank negligently provided Camacho false information, it must be found that the Bank created a situation which was so continuous and active that the act of Goldsmith in providing Camacho with erroneous and false information – an act which was clearly unforeseen by the Bank – does not create a superceding cause to let the Bank off the proverbial hook. See, § 440.

The record submitted to the court reveals that Goldsmith relied on another banker who (apparently in a negligent fashion) gave Goldsmith the false information that the account in the Loma Linda Bank was Tenorio's. It is a stretch of the facts to say Goldsmith was negligent for relying upon the banker's information but assuming Goldsmith was negligent there is nothing in the depositions, affidavits, etc., which shows that the Bank foresaw or could reasonably have foreseen the

---

*All further references herein are to sections found in the Restatement (Second) Torts.

negligent act of the banker upon whom Goldsmith relied. In essence, Camacho has failed to show the presence of any facts upon which the elements found in § 447 would still impose liability on the Bank.

Summary judgment is hereby entered in favor of the Bank of Saipan and Blair against Carlos Camacho on Camacho's cross claim against the Bank and Blair for damages for providing Camacho with information about the California bank account. Due to the fact that all other causes of action are disposed of and that this judgment should become final for all purposes, it is ordered that this judgment is final pursuant to Com.R.Civ.Pro. 54(b).

Dated at Saipan, MP, this 1st day of March, 1988.

Robert A. Hefner, Chief Judge